**Stephen HLUCHAN, Plaintiff,**

v.

**William H. FAUVER, Commissioner, New Jersey Department of Corrections; Robert S. Hatrak, Superintendent, Rahway State Prison; and Classification Committee at Rahway State Prison, New Jersey, Defendants.**

Civ. A. No. 78–2481.

United States District Court,
D. New Jersey.

Jan. 18, 1980.

---

Stephen Hluchan, pro se.

John J. Degnan, Atty. Gen., N. J. by Elaine W. Ballai, Deputy Atty. Gen., Dept. of Law and Public Safety, Division of Law, Human Services & Corrections Section, Trenton, N. J., for defendants.

## OPINION

STERN, District Judge.

On October 29, 1979, this Court filed an opinion and order in this matter declaring unconstitutional the New Jersey Department of Corrections Standard 853.278, which denies inmates who have been convicted of more than one sex offense eligibility for minimum custody status. *See Hluchan v. Fauver,* 480 F. Supp. 103 (D.N.J. 1979). The Court enjoined the defendants from applying the Standard unless, within thirty days, the defendants properly defined the term "sex offense" as used in the Standard. The Court set forth guidelines in the opinion to aid the defendants in revising the Standard.

On November 28, 1979, the defendants submitted to the Court a proposed revision of Standard 853.278 and an affidavit of Richard A. Seidl, Assistant Commissioner of Adult Institutions, explaining the Department of Correction's rationale for its proposed definition of "sex offense".

The Court has reviewed the proposed Standard and finds it to be insufficient to

render Standard 853.278 constitutional. However, because the Commissioner has acted promptly and in good faith to revise the Standard, the Court will grant the defendants a further extension of time to correct the few remaining deficiencies.

■ Initially, the Court notes that the Commissioner's definition of the term "sex offense" by reference to specific sections of the New Jersey Criminal Code is entirely proper and in accordance with this Court's Opinion of October 29. Further, the considerations which governed the Commissioner's decisions as to which sections to include, specifically, the best interests of prison management and security as revealed by the experience of individuals with extensive involvement in the New Jersey prison system (Seidl Affidavit, ¶ 4), provide a rational and legitimate basis upon which to delineate classes of inmates who should not be permitted minimum custody status. In addition, the categories from which the Commissioner selected the offenses included in the revised Standard—sex related offenses involving (1) minors, (2) violence or the threat of violence, or (3) the sale of prohibited sexual goods and services in the course of a business for profit (Seidl Affidavit, ¶ 5)—are rationally related to a legitimate state purpose.

The proposed Standard fails, however, to meet the constitutional requirement of rationality because of the inclusion of the following sections and phrases in the revised definition of "sex offense."

First, the inclusion of N.J.S.A. 2A:96–2 without any limiting language is irrational. N.J.S.A. 2A:96–2 (Repealed by L.1978 c. 95, § 2C:98–2, eff. Sept. 1, 1979) provides:

Hiring out or employing minors for *mendicant* or immoral purposes.

A person having the care, custody or control, lawfully or unlawfully, of a child under the age of 18 years, as parent, guardian, relative, employer or otherwise, who sells, apprentices, gives away, hires out, or otherwise disposes of the child for any *mendicant or wandering* business, *or* in any immoral conduct or occupation, or any person who employs or uses such child for any such purpose, is guilty of a misdemeanor.

(Emphasis supplied.) "Mendicant" is defined as "practicing beggary: begging." *Webster's Third New International Dictionary* (1971 ed.). A "wandering" business is not necessarily concerned with sex or immorality. To the extent that individuals who are convicted of using minors for *begging* or *wandering* rather than for immoral purposes are included within the definition of "sex offenders", the classification violates the Equal Protection Clause of the Fourteenth Amendment.

Second, the proposed Standard provides that those guilty of the following criminal conduct are guilty of a "sex offense":

2A:96–4 contributing to the delinquency of a child where the official version of the crime indicates that the underlying conduct indicates an intent to commit a sexual act.

The Court simply is unable to determine the meaning of this provision. Therefore, for the reasons stated in this Court's opinion of October 29, 1979, the definition is irrational and violates the Constitution.

■ Third, the introductory paragraph to the revised Standard 853.278C suffers the same infirmity as the existing Standard. The proposed Standard 853.278C begins:

An inmate who is presently serving a sentence for more than one count of a sexual offense; or, who is presently serving more than one sentence for a sexual offense; or, who is presently serving a sentence for one count of a sexual offense and who has a prior conviction for one count of a sexual offense under the laws of this state, any other state or of the United States; or who is presently serving a sentence for a non-sexual offense and has a prior conviction for more than one count of a sexual offense, may not be considered for full minimum custody at any time.

(Emphasis supplied.) It is impossible to determine what crimes are encompassed within the underlined portions of the paragraph. The Standard defines "sexual of-

fense" by reference to specific sections of the New Jersey Criminal Code. Obviously these sections will not directly translate into parts of the criminal codes of New Jersey's sister states or of the United States. This is especially true with respect to references to sections of the New Jersey Criminal Code, N.J.S.A. 2C, effective September 1, 1979, which differs markedly in structure from traditional criminal codes. *See Hluchan v. Fauver*, 480 F.Supp. 103, 110 n.12. (D.N.J.1979). Thus, the danger exists that individuals convicted of the same criminal conduct in different jurisdictions will be treated differently by different Institutional Classification Committees. This lack of proper definition renders the proposed Standard violative of the Equal Protection Clause.

Accordingly, the Court finds the proposed Standard 853.278 to be unconstitutional. The Commissioner will be given thirty (30) additional days in which to properly define "sex offense" as used within that Standard.